UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

FERLANDIA GREEN,

                     Plaintiffs,

NISSAN OF MANHATTAN, INC., agents, employees,
NISSAN MOTOR ACCEPTANCE CORPORATION,

                     Defendants.
------------------------------------------------------------------x

Civil Case No.:

**NOTICE OF REMOVAL**

**TO:  THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF NEW YORK**

      Pursuant to 28 U.S.C. §§ 1441 and 1446 et seq., defendant NISSAN MOTOR ACCEPTANCE CORPORATION ("NMAC"), respectfully removes to this Court the within action, which was commenced in the Supreme Court of the State of New York, County of Kings, under Index Number 7147/12. As grounds for removal, NMAC, by its attorneys, London Fischer LLP, respectfully states:

      1.     Plaintiff commenced this action by purchasing an index number and filing a Second Amended Summons and Second Amended Verified Complaint in the Supreme Court of the State of New York, County of Kings, on or about August 6, 2012. True and correct copies of the Second Amended Summons and Second Amended Verified Complaint are annexed hereto as Exhibit "A." NMAC has not previously been served with any other pleadings in this matter.

      2.     NMAC was served with the Second Amended Summons and Second Amended Verified Complaint via its agent for service on or about August 16, 2012.

      3.     The Second Amended Verified Complaint asserts causes of action against NISSAN OF MANHATTAN and NMAC, and alleges violations of the Truth In Lending Act,

{N0442866.1 }

violations of the Fair Credit Billing Act and other various claims. *See* Exhibit "A." This action arises under the laws of the United States, particularly 15 U.S.C. §1601 *et seq*.

4. The Second Amended Summons and Second Amended Verified Complaint, annexed hereto as Exhibit "A," constitutes "all process, pleadings and orders" known to have been served in the aforesaid action, within the meaning of 28 U.S.C. § 1446(a). NMAC has not yet answered the Second Amended Verified Complaint, and the time within which NMAC may answer or remove with respect to the Second Amended Verified Complaint has not expired.

5. This is a civil action in which the United States District Court has original jurisdiction by reason of Federal question pursuant to 28 U.S.C. § 1331 which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Since the Complaint alleges violations of Title 15 of the United States Code, §§ 1601 *et seq.*, known as the Truth In Lending Act, the United States District Court has original jurisdiction of this matter. *See* Exhibit "A." The United States District Court has supplemental jurisdiction over any state law claims alleged in the Complaint pursuant to 28 U.S.C. § 1367, as they are substantially related to the alleged violations of the Truth In Lending Act, 15 U.S.C. §1601 *et seq*.

6. NMAC further states that it first received notice of this lawsuit when the Second Amended Summons and Second Amended Verified Complaint were received, via personal service on August 16, 2012, and that the time has not elapsed within which NMAC may file a Notice of Removal of the action to this Court.

7. Upon information and belief, NISSAN OF MANHATTAN has yet to be served with any pleadings in this action. However, in an abundance of caution, counsel for NMAC spoke with Michael Coscia, personal counsel for NISSAN OF MANHATTAN, and

{N0442866.1}

Mike Onions, General Manager for NISSAN OF MANHATTAN, who both confirmed that NISSAN OF MANHATTAN had never been served with process in this action, and consented to removal of the case to federal court.

8. A written notice of the filing of this Notice of Removal will be served upon all adverse parties as required by 28 U.S.C. § 1446(d).

9. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Kings, as provided by 28 U.S.C. § 1446(d).

10. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the undersigned counsel certifies that she has read the foregoing Notice of Removal, that, to the best of her knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, defendant NMAC prays that this action be removed to the United States District Court for the Eastern District of New York.

Dated: New York, New York
September 4, 2012

> LONDON FISCHER LLP
>
> By: *Stephanie Kudrle*
> Stephanie Kudrle (SK4432)
> Attorneys for Defendant
> NISSAN MOTOR ACCEPTANCE
> CORPORATION
> 59 Maiden Lane
> New York, NY 10038
> (212) 972-1000

{N0442866.1}

To:
Ferlandia Green – Pro Se
1251 East 91st Street
Brooklyn, New York 11236

SUPREME COURT O THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X SECOND AMENDED SUMMONS
FERLANDIA GREEN

                Plaintiff,

                                        Index Number   7147/2012

       -Against-                             Purchased Dated_____

NISSAN OF MANHATTAN, INC., agents, employees
NISSAN MOTOR ACCEPTANCE
CORPORATION              Defendants
------------------------------------------------------------X

To the Person(s) Natural or Artificial Named as Defendants above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONS to answer the complaint of the Plaintiff herein and to serve a copy of your answer on the Plaintiff at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: August 6, 2012

                                                        Ferlandia Green
                                                        1251 91st Street
                                                       Brooklyn New York 11236

Defendant(s) : NISSAN OF MANHATTAN, INC.
                  662 11TH AVENUE
                  NEW YORK, NEW YORK 10036

                  NISSAN MOTOR ACCEPTANCE CORPORATION
                  80 State Street
                  Albany, New York 12207-2543

SUPREME COURT : STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X Index No 7147/2012
                                                                                Purchased date _____

FERLANDIA GREEN
                                        Plaintiff,        **SECOND AMENDED VERIFIED**
                                                                            **COMPLAINT**

      -Against-

NISSAN OF MANHATTAN, INC., agents, employees
and NISSAN MOTOR ACCEPTANCE
CORPORATION                Defendants
-------------------------------------------------------------X

1.    COMES NOW, Ferlandia Green, Plaintiff Pro-Se brings this action on behalf of himself to redress the violations of Plaintiff rights by the Defendants.

2.    On the 2nd day of July 2008, Plaintiff purchased a 2009 Nissan Maxima by entering a Retail Installment Contract hereinafter called (the "Contract") with the above Defendants.

3.    Plaintiff asserts and strongly believes that the Defendants violated their agreement by breach of contract by charging high interest rate of 13.84% on Plaintiff financed loan.

4.    Plaintiff asserts that Defendants claimed that the credit of the cosigner was the rating to be used for the financing as oppose to the Plaintiff, who credit rating would give a high risk rate for financing.

5.    Plaintiff asserts that the Defendants are in violation of the New York Code Section 349; deceptive and unfair business practices by failing to abide by the original agreement.

6.    Plaintiff asserts that the original unit price of the Nissan Maxima is $33,300.00 with signatures of the sale man John Rosario and Plaintiff dated the 30th day of June 2008.

7.    Plaintiff asserts that another document from the Defendants was submitted to Plaintiff to sign that display a different sell unit price in the amount of $33,895.00, dated on the 2nd day of July 2008.

8. Plaintiff further asserts that a third document was presented to him to be sign with his signature on a disclosure statement, pursuant to Truth in Lending Act this disclosure amount finance is $34,376.21 and was dated on the 2nd day of July 2008.

9. Plaintiff contends that the Truth-in-Lending statement amount finance should reflect the original unit price with the finance charge of the loan.

10. Therefore the Contract is in breach of Truth-in-Lending Act by the assertion of inaccurate amount of the finance charged to the Plaintiff; the deposit in the addition to the unit price was not subtracted to reduce the amount finance which in term will affect the finance charge.

11. Plaintiff asserts the Defendants are in violation of the Fair Credit Billing Act, under section 161, which in term relates to the billing error concerning the finance charge as to respect to paragraph seven (7) of this complaint.

12. Plaintiff further argues that the finance charge was not fully disclosed by the Defendants, who transferred a hundred (100) dollars of the Plaintiff's deposit to finance a deposit vehicle accounts receivable, such accounts receivable is defined to be Nissan Auto Receivables 2012-A Owner Trust, Nissan Auto Receivables Corporation II, and Nissan Motor Acceptance Corporation.

13. This kind of transaction unbeknown to Plaintiff during the signing of his retail installment contract with the Defendants was not disclose under Truth-in-Lending; that Plaintiff was funding Nissan Auto Receivables 2012-A Owner Trust, Nissan Auto Receivables Corporation II, and Nissan Motor Acceptance Corporation, as "Pass Through Payments".

14. Plaintiff argues and asserts that during the signing his retail installment contract; Defendants failed to disclose to Plaintiff his Note reference to the transfer of funding "C.A.R."; C.A.R. is defined in Investopedia as Certificate Automobile Receivables or certificate accounts receivables.

15. Plaintiff further contends that Defendants failed to disclose under Truth-in-Lending; that signing a retail installment contract would transfer his rights and ownership to Nissan Motor Acceptance Corporation hereinafter called (NMAC).

16. Nissan Motor Acceptance Corporation is the third party to Plaintiff retail installment contract; NMAC is also the Auto Loan Servicer and Sponsor, pursuant to Nissan prospectus supplement registered with the Securities Exchange Commission (SEC).

17. Unbeknown to the Plaintiff those Defendants transferred his C.A.R. Note to Nissan Motor Acceptance Corporation, whose financial position is to Pool Plaintiff Auto Note by Pooling Servicing Agreement, said Agreement was not disclose to Plaintiff during signing agreement of his Retail Installment Contract nor was Plaintiff privy to such third party contract.

18. Plaintiff had discovered this breach of contract by reaching Nissan Motor Acceptance Corporation on the SEC web site; where one will find the prospectus supplement on Nissan Auto Receivables 2012-A Owner Trust, Nissan Auto Receivables Corporation II, and Nissan Motor Acceptance Corporation.

19. Plaintiff had review the prospectus supplement where it shows an "Overview of NMAC Retail Installment Contract Financing Operations, the year of 2008 to 2009 shows Plaintiff a number of retail installment contracts purchased by NMAC where it includes Plaintiff Contract.

20. Plaintiff Auto Loan was a subject to Securitization; one of the primary funding sources for NMAC has been the packaging and sale of the retail installment contracts, loans and leases through asset-backed securitization transactions.

21. These retail installment contracts, loans and leases are purchased by NMAC from Dealers or are loans made by NMAC to Dealers. NMAC generally holds these auto loans and leases for an interim period prior to transferring them in connection with an Asset-Backed Securitization transaction.

22. Defendants failed to disclose under Truth-in-Lending that the third party such as NMAC is the servicer for the loan that it finance and that the signing of the retail installment contract with a deposit created an accounts receivable funded by Plaintiff deposit of a hundred dollars.

23 Unbeknown to Plaintiff that the Defendants transferred his Auto Note to NMAC the third party who sells Notes to be issued as registered Notes in minimum denominations of $25,000 and integral multiples of $1,000, pursuant to NMAC prospectus supplement.

24. Plaintiff further contends that the Defendants failed to disclose deposit vehicle accounts receivables nor was he privy to such accounts receivables or how much these accounts made in finance, these accounts belongs to or the equitable property of the Plaintiff.

25. Plaintiff deposit vehicle accounts receivables was setup on a contract connection to Pooling Servicing Agreement by the Contract of Plaintiff; the main source for payments of the notes are collected on a pool of motor vehicle retail installment contracts and monies on deposit in a reserve account. These same accounts receivables was not disclose on the agreement of the Contract.

26. Plaintiff Auto Note was transferred to Nissan Auto Receivables 2012-A Owner Trust who is the Issuing Entity, the Nissan Auto Receivables Corporation II is the Depositor and Nissan Motor Acceptance Corporation is the sponsor or the servicer of the Note, and certificates on the Notes was issued by the Trustee of the Trust.

27. Plaintiff asserts that such business practices is unfair and deceptive in nature where there was an absence of Truth-in-Lending in the Contract terms that a third party would transaction would or may act in the accordance the retail installment contracts agreement.

28. Plaintiff strongly believes that such accounts receivables was not reported to the consumer reporting agency for credit earned by the Plaintiff who had no knowledge that these accounts exist for the lack of disclosure by the Defendants.

**DEMANDS FOR RELIEF**

Plaintiff demands for relief to the following:

a) To award the release of lien on certificate of title.

b) To the dividends and interest incurred over the period of time during the life of deposit vehicle accounts receivables.

c) To award the note amount for $25,000 and integral multiples of $1,000 with interest incurred.

d) To award a certificate of satisfaction to be recorded with credit bureaus.

### VERIFICATION

STATE OF NEW YORK  )
COUNTY OF KINGS    )SS.:

Plaintiff within this amended Verified Complaint have read the foregoing contents to be fair, equitable and accurate and knows the contents to be true to the best of his knowledge as to the matters set forth with full force and effects to be true.

Sworn to before on this _____ day of August 6, 2012

_____ 8/6/2012
Notary Public

KAMAL P. SONI
Notary Public, State of New York
No. 01SO6089949
Qualified in Kings County
Commission Expires March 31, 2015

_____
Ferlandia Green – In Pro Per
1251 East 91st Street
Brooklyn New York 11236