UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FERLANDIA GREEN,

              Plaintiff,

    -against-

NISSAN OF MANHATTAN, INC., agents,
employees, NISSAN MOTOR ACCEPTANCE
CORPORATION,

              Defendants.
-------------------------------------------------------------X

MEMORANDUM AND ORDER

12-CV-4389 (WFK) (RML)

**WILLIAM F. KUNTZ, II, United States District Judge**

    Ferlandia Green ("Plaintiff") commenced this action *pro se* against Nissan of Manhattan, Inc. ("Nissan"), Nissan's agents and employees, and the Nissan Motor Acceptance Corporation ("NMAC") (collectively "Defendants"), alleging various wrongs related to his purchase of a motor vehicle. On January 10, 2013, NMAC moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court construes Plaintiff's allegations to plead claims for breach of contract and violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Fair Credit Billing Act, *id.*, and New York General Business Law § 349. For the reasons that follow, this Court dismisses Plaintiff's federal claims with prejudice and dismisses Plaintiff's remaining state law claims without prejudice.

## BACKGROUND

    Because the Plaintiff is *pro se*, the Court has liberally construed the record in this case, including Plaintiff's complaint and Plaintiff's Affidavit in Opposition to NMAC's Motion. Dkt. No. 1, at 7–11; Dkt. 11.

On July 2, 2008, Plaintiff entered into a Retail Installment Agreement Contract (the "Contract") with Defendants to purchase a 2009 Nissan Maxima. Compl. at ¶ 2; Pl.'s Aff. at ¶ 1. Plaintiff asserts he agreed to purchase the vehicle for $33,300. Compl. at ¶ 6. Instead, Plaintiff was charged $33,895 for the vehicle and, after other fees were applied, was ultimately required to finance $34,376.21. *Id.* at ¶¶ 7–8. Plaintiff also claims the amount financed was too high because Defendants failed to credit his cash down payment. *Id.* at ¶ 10.

Plaintiff alleges Defendants agreed to use the credit rating of Plaintiff's co-signer in order to lower the applicable interest rate for the financing. *Id.* at ¶ 4. Defendants "violated their agreement by breach of contract by charging high interest rate of 13.84% on Plaintiff financed loan." *Id.* at ¶ 3. Plaintiff further alleges Defendants' actions constituted "deceptive and unfair business practices." *Id.* at ¶ 5. Finally, Plaintiff asserts Defendants never informed him that his contract would be assigned to NMAC and that NMAC would service Plaintiff's loan. *Id.* at ¶¶ 15–22.

Plaintiff, proceeding *pro se*, brought this action in New York State Supreme Court, Kings County. Defendant removed Plaintiff's action to this Court on September 4, 2012, on the ground that Plaintiff's claims arise under the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, each claim must set forth sufficient factual allegations, accepted as true, to state "a legal claim to relief 'that is plausible on its face.'" *Konowaloff v. Metro. Museum of Art*, 702 F.3d 140, 145 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of Plaintiff, the non-movant. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the

2

elements of a cause of action, supported by mere conclusory statements." *Id.* at 72 (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks and alteration omitted).

When determining the sufficiency of a claim under Rule 12(b)(6), the Court may consider only the allegations on the face of a pleading. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Nevertheless, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Id*; *see also Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."). The Court may consider documents outside of the pleading if the documents are integral to the pleading or subject to judicial notice. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006).

Courts are particularly hesitant to dismiss actions filed by *pro se* litigants, as *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must read *pro se* complaints liberally and "interpret them to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks and citation omitted). As a general rule, an action brought *pro se* "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). However, "the Court need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Garzon v. Jofaz Transp., Inc.*, No. 11-CV-5599, 2013 WL 783088, at *1 (E.D.N.Y. Mar. 1, 2013) (Mauskopf, J.) (internal quotation marks and citation omitted). When a *pro se* plaintiff fails to

3

satisfy a pleading requirement, the Court must dismiss the claim. *Id.* (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

## ANALYSIS

### I.     The Truth in Lending Act and the Fair Credit Billing Act

The Truth in Lending Act ("TILA") "requires creditors to clearly and accurately disclose all the material terms of a credit transaction." *Dolan v. Fairbanks Capital Corp.*, No. 03 CV 3285, 2013 WL 991002, at *18 (E.D.N.Y. Mar. 13, 2013) (Hurley, J.) (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998)). By ensuring the "meaningful disclosure of credit terms," TILA enables consumers "to compare more readily the various credit terms available to [them] and avoid the uninformed use of credit." *Poulin v. Balise Auto Sales, Inc.*, 647 F.3d 36, 39 (2d Cir. 2011) (citing 15 U.S.C. § 1601(a)). To this end, TILA specifies a number of disclosures a creditor must make in a consumer credit transaction, including, *inter alia*, the identity of the creditor, the amount financed, the finance charge, and the annual percentage rate. 15 U.S.C. § 1638(a).

TILA provides borrowers a private right of action against creditors that fail to make the statutorily required disclosures. *See id.* § 1640; *see also Cardiello v. The Money Store, Inc.*, No. 00 CIV. 7332, 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001) (Buchwald, J.). However, except in circumstances not applicable here, any action under TILA must be brought within one year from the date of the violation. 15 U.S.C. § 1640(e). "It is well-settled law that in 'closed-end credit' transactions, like the one at issue, the 'date of the occurrence of violation' is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiffs." *Cardiello*, 2001 WL 604007, at *3. An automobile loan is

4

a closed-end credit transaction.[1] *See, e.g., Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286 n.22 (S.D.N.Y. 2011) (Karas, J.) (closed-end credit transactions include mortgages and motor vehicle loans).

The Fair Credit Billing Act ("FCBA"), Pub. L. No. 93–495, Tit. III, 88 Stat. 1500, 1510–11 (1974), added a number of provisions to TILA. *Am. Express Co. v. Koerner*, 452 U.S. 233, 234 (1981). Section 161 of the FCBA, incorporated at 15 U.S.C. § 1666, requires creditors to investigate alleged billing errors if the borrower contacts the creditor within sixty days of the creditor's transmission of the statement containing the alleged error. 15 U.S.C. § 1666(a); *see also Jaffe v. Capital One Bank*, No. 09 Civ. 4106, 2010 WL 691639, at *8 (S.D.N.Y. Mar. 1, 2010) (Gardephe, J.). "The applicable regulation makes clear that the 60–day period begins when the creditor has transmitted the *first* periodic statement that contains the alleged error." *Jaffe*, 2010 WL 691639, at *8 (citing 12 C.F.R. § 226.13(b)(1)) (emphasis added). As part of TILA, the FCBA is similarly subject to TILA's one-year statute of limitations. *See id.* at *9.

Plaintiff's complaint repeatedly invokes the Truth in Lending Act. For example, Plaintiff alleges "the Truth-in-Lending statement amount finance should reflect the original unit price with the finance charge of the loan." Compl. at ¶ 9. Similarly, Plaintiff contends "the Contract is in breach of Truth-in-Lending Act by the assertion of inaccurate amount of the finance

---

[1] A court may equitably toll the statute of limitations where a litigant shows he "has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). For example, under the doctrine of "fraudulent concealment," the statute of limitations may be equitably tolled if a plaintiff establishes, *inter alia*, that the defendant concealed from the plaintiff the existence of his cause of action during the statutory period. *Council v. Better Homes Depot, Inc.*, No. 04 CV 5620, 2006 WL 2376381, at *9 (E.D.N.Y. Aug. 16, 2006) (Garaufis, J.) (citing *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988)). In this case, Plaintiff has not alleged he was prevented from bringing an action earlier or that Defendants somehow attempted to conceal from him the existence of his cause of action. Consequently, equitable tolling is not applicable in this case.

charged to the Plaintiff; the deposit in the addition to the unit price was not subtracted to reduce the amount finance which in term will affect the finance charge." *Id.* at ¶ 10.

Plaintiff's sole allegation regarding the FCBA states: "Defendants are in violation of the Fair Credit Billing Act, under section 161, which in term relates to the billing error concerning the finance charge as to respect to paragraph seven (7) of this complaint." Compl. at ¶ 11. Plaintiff also alleges Defendants imposed a higher sale amount of $33,895 for the vehicle Plaintiff purchased, rather than the amount of $33,300 to which Plaintiff had previously agreed. *Id.* at ¶¶ 6–7.

Plaintiff admits he entered into a credit agreement to purchase a vehicle from Defendants on July 2, 2008. Compl. at ¶ 7. In addition, the higher price of $33,895 of which Defendant complains was contained in the credit agreement Plaintiff signed on July 2, 2008. *See* Decl. of Clifford B. Aaron, Dkt. No. 10, Ex. B (retail installment contract signed by Ferlandia Green, dated July 2, 2008, and listing a sale price of $33,895). Thus, Plaintiff entered into a closed-end credit transaction and was on notice of the higher billing as of July 2, 2008. It is undisputed that Plaintiff nonetheless did not commence this action until 2012. Notice of Removal, Dkt. 1, at ¶ 1; Compl. (dated August 6, 2012, with index number indicating action was filed in 2012). Consequently, Plaintiff's TILA and FCBA claims are untimely. This Court therefore dismisses Plaintiff's TILA and FCBA claims with prejudice.

## II.     State Law Claims

"[T]he exercise of supplemental jurisdiction is left to the discretion of the district court." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994). All of Plaintiff's federal claims have now been dismissed from the case with prejudice. Construing Plaintiff's *pro se* complaint liberally, Plaintiff appears to have raised two state law claims that may survive a motion to dismiss:

6

breach of contract and violation of New York General Business Law § 349. However, the Court declines in its discretion to exercise supplemental jurisdiction over these claims, pursuant to 28 U.S.C. § 1367. *See, e.g.*, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state law claims should be dismissed as well."); *Lennon v. Miller*, 66 F.3d 416, 426 (2d Cir. 1995) (same). Accordingly, the Court dismisses without prejudice Plaintiff's remaining state law claims for breach of contract and violation of New York General Business Law § 349.

## CONCLUSION

For the reasons stated above, the Court GRANTS NMAC's motion to dismiss. Plaintiff's federal claims for violations of TILA and FCBA are dismissed with prejudice as untimely. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and thus those claims are dismissed without prejudice. The Clerk of Court is directed to enter judgment for Defendants and close the case.

**SO ORDERED**

Dated: Brooklyn, New York
       June 3, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge